UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:07-CR-120 |
| | ) | (Phillips / Guyton) |
| SPENCER WHITE, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Several pretrial motions are pending hearing before this Court. The Court has reviewed each motion and the authority set forth in support and finds that a response and hearing is not necessary to disposition of every motion.

### A. Matters Before The Court

Specifically, the following motions filed by Defendant Spencer White are subject to disposition on their merits without hearing and are addressed herein:

(1) Brady Motion No. 1: The Deals, [Doc. 76];

(2) Brady Motion No. 2: General Exculpatory and Incentives, [Doc. 77];

(3) Motion For Discovery, [Doc. 79];

(4) Motion For Witnesses' Statements, [Doc. 80];

(5) Motion For <u>Enright</u> Hearing, [Doc. 81];

(6) Motion For Bill of Particulars, [Doc. 82];

1

(7) Motion to Adopt Gerardo Mora Lopez's Motion to Suppress Search [Doc. 72], [Doc. 83]; and

(8) Motion to Adopt Gerardo Mora Lopez's Motion to Suppress Fruits [Doc. 73], [Doc. 84].

## B. Analysis

### I. BRADY MOTION NO. 1: THE DEALS [DOC. 76]
and
### BRADY MOTION NO. 2: GENERAL EXCULPATORY AND INCENTIVES [DOC. 77]

In these two related motions, Defendant White requests the disclosure of certain evidence from the United States which fall within the body of related caselaw represented by Brady v. Maryland, 373 U.S. 83 (1963) (exculpatory evidence); United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence); Giglio v. United States, 405 U.S. 150 (1972) (impeachment evidence); and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). White lists six categories of information in [Doc. 76] and two in [Doc. 77].

Most of the information sought in this motion is the subject of this Court's Order on Discovery and Scheduling [Doc. 12, ¶ E], entered on September 25, 2007. The defendant's request for the criminal records of government witnesses is specifically addressed by paragraph F of the Order on Discovery and Scheduling [Doc. 12]. The defendant's request for material to be used in impeachment of government witnesses is addressed by paragraph E of the Order on Discovery and Scheduling, which has already directed as follows:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within

the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

The Court finds that it has already ordered the government to turn over materials within the scope of Brady, with timing of such disclosures governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988). The substance of these motions is addressed by the Court's Order on Discovery and Scheduling [Doc. 12, ¶ E]. Should the defendant become aware of specific material that may be subject to this provision, he may make a specific Brady request of the government, then bring the matter to the attention of the Court if necessary. Accordingly, Brady Motion No. 1: The Deals **[Doc. 76]** is **DENIED**; and Brady Motion No. 2: General Exculpatory and Incentives **[Doc. 77]** is **DENIED**.

## II: MOTION FOR DISCOVERY PURSUANT TO RULE 16 [DOC. 79]

This motion constitutes Mr. White's formal request for Rule 16 discovery. The Court has previously ordered the parties to provide discovery materials in the Order on Discovery and Scheduling [Doc. 12]. There are no issues raised in the motion. Motion for Discovery **[Doc. 79]** is **DENIED** as moot.

## III: MOTION FOR WITNESSES' STATEMENTS
### (INCLUDING BUT NOT LIMITED TO GRAND JURY TRANSCRIPTS) [DOC. 80]

In this motion, Mr. White requests the Court Order the government to disclose "witnesses' statements relating to the subject matter of the witnesses' testimony" and the witnesses' grand jury testimony, whether orally recorded or in written transcript form. Mr. White cites Rule 16,

Rule 26.2 and Brady in support of his request.

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a); see also Fed. R. Crim. P. 26.2.

The purpose of the Jencks Act is to prevent a general exploratory "blind fishing expedition" into government files by the defense. United States v. Pope, 574 F.2d 320 (6th Cir. 1978); and United States v. Nickell, 552 F.2d 684 (6th Cir. 1977). In Palermo v. United States, 360 U.S. 343, 351 (1959) the Supreme Court addressed the parameters and legislative intent of the then-new Jencks Act. The Court observed that:

> Subsection (a) requires that no statement of a government witness made to an agent of the Government and in the Government's possession shall be turned over to the defense until the witness has testified on direct examination. This section manifests the general statutory aim to restrict the use of such statements to impeachment.

Palermo, 360 U.S. at 349 (1959).

As described by the Sixth Circuit, "the Jencks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial. The defendant is only entitled to the statement after the witness has testified." United States v. Short, 671 F.2d 178, 185 (6th Cir. 1982).

Should the Court conduct an evidentiary hearing and the United States call witnesses to testify, Mr. White would be entitled to receive a copy of that witness' statement at the conclusion of direct examination. There is no basis for Mr. White's request for witness statements in advance of

their testimony and no basis for his request for grand jury testimony. Accordingly, Mr. Whites's Motion for Witness' Statements **[Doc. 80]** is **DENIED**.

### IV: MOTION FOR ENRIGHT HEARING [DOC. 81]

Mr. White next moves the Court to conduct a hearing pursuant to United States v. Enright, 579 F.2d 980 (6th Cir. 1978) in order to determine whether or not the government can satisfy its burden of proof on the existence of a conspiracy before any co-conspirator statements may be admitted in the government's case-in-chief at trial. He argues that before the government can take advantage of the co-conspirator exception of the hearsay rule, it must show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the hearsay is offered was a member of the conspiracy and that the hearsay statement was made in the course and in the furtherance of the conspiracy. United States v. Vinson, 606 F.2d 144, 152 (6th Cir. 1979). The defendants argue that this is the most cautious and preferred order of proof, citing authority from other circuits in support. They assert that such a pretrial hearing would not be burdensome to the government, and not unduly so when compared to the potential harm averted.

Federal Rules of Evidence, Rule 801(d)(2)(E) provides "a statement is not hearsay if ...[t]he statement is offered against a party and is...a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." To be admissible under Rule 801(d)(2), the party offering a co-coconspirator statement must show by a preponderance of the evidence that: (1) the conspiracy existed, (2) the defendant was a member of the conspiracy, and (3) the co-conspirator's statements were made in furtherance of the conspiracy. See United States v. Lora, 210 F.3d 373 (6th Cir. 2000) (unpublished opinion)(citing, United States v. Wilson, 168 F.3d 916, 920 (6th Cir. 1999). This three-part test is often referred to as an "Enright finding." See United States v. Enright, 579 F.2d 980 (6th

Cir. 1978). Whether the offering party has made the showing is a question of fact for the trial court to decide. Fed. R. Evid. 104(a); United States v. Maliszewski, 161 F.3d 992, 1007 (6th Cir. 1998), cert. denied, Villareal v. United States, 525 U.S. 1183 (1999).

The Sixth Circuit has outlined three alternative methods by which the district court can make a determination as to the admissibility of hearsay statements under the coconspirator exception to the hearsay rule: (1) conduct a pretrial mini-hearing outside the presence of the jury and listen to the proof of the conspiracy, (2) require the government to produce non-hearsay evidence during the course of trial before making the necessary finding, and (3) admit the hearsay statements subject to a later demonstration of their admissibility. Vinson, 606 F.2d at 152-53. The defendants urge the Court to proceed with the first option, conduct a pretrial hearing as to the evidence of the conspiracy before considering admission of the alleged statements.

The Sixth Circuit has criticized the first Enright alternative, a pretrial hearing, as burdensome, time consuming and uneconomic. The more practical approach, and the one customarily adopted by this district, is the third option listed, which has been to permit the government to present the hearsay statements of this nature subject to a later demonstration of their admissibility by a preponderance of the evidence. The Court notes that it is the general practice in this district to use the third of these options. In any event, this motion relates directly to trial procedures and the admissibility of evidence at trial and will be addressed by the trial judge, District Judge Thomas W. Phillips.[1] Accordingly, the Motion For Enright Hearing **[Doc. 81]** is **DENIED**. District Judge Phillips will decide whether he desires to choose an option besides the third option before or during trial, as he deems appropriate.

---

[1] C.f., United States v. Briddy, 3:07-CR-51 [Doc. 244, at pages 4-7] (Memorandum and Order of District Judge Phillips on this issue describing the practice of that court with discussion).

## V. MOTION FOR BILL OF PARTICULARS
## [DOC. 82]

In his Motion For Bill of Particulars [Doc.82], Mr. White moves the Court to order the government to provide a bill of particulars more clearly identifying "the language and acts" of this defendant which are alleged to have "constituted the conspiring and agreeing" as alleged in the conspiracy charged in the indictment. [Doc. 82, ¶ 1]. Mr. White also seeks clarification of the "dates and duration" of his participation in the conspiracy.[Doc. 82, ¶ 2].

The Federal Rules of Criminal Procedure provide broad authority for the Court to order the government to provide a bill of particulars when warranted. Rule 7(f) reads:

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).

However, the rules do not delineate under what circumstances it is appropriate for the Court to order such remedy. The Sixth Circuit has had occasion to addressed this issue a number of times and had provided ample guidance for lower courts. "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with

respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other grounds by statute, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

While the government relies, in part, upon the disclosure of information in the search warrant affidavit, that document has not been filed with the Court for consideration in this context and is not part of the record otherwise. The detail that may have been provided in that document is unknown.

The Sixth Circuit has approved the provision of dates that a defendant is alleged to have conspired. See, e.g., United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991) (observing that the defendant knew the relevant dates in holding that he was not entitled to know the names of co-conspirators); United States v. Fears, 450 F. Supp. 249, 251 (E.D. Tenn. 1978) (directing, without further analysis, the government to file a bill of particulars giving the date and approximate hour the defendant allegedly made the telephone call charged in the indictment). On the other hand, the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987," was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information to prepare a defense." United States v. Hayes, 884 F. 2d 1393 (6th Cir. 1989), cert. denied, 493 U.S. 1030 (1990).

The Superseding Indictment [Doc. 38] alleges that a conspiracy existed between Mr. White and six other named co-defendants from February 22, 2007 to September 24, 2007. To the extent that Spencer White was involved in the conspiracy for a time period shorter than the entire conspiracy, the government shall be required to provide the approximate dates that each entered the conspiracy and approximately when the participation of each in the conspiracy ended.

8

As to the nature of Mr. White's "language and acts" that the United States alleges constituted participation in the conspiracy, the Sixth Circuit rule is that "a defendant is not entitled to discover all the overt acts that might be proven at trial." Salisbury, 983 F.2d at 1375. The Court finds that the defendant is not entitled to a bill of particulars regarding the precise nature of the alleged overt acts of the conspiracy beyond that specified in the indictment.

The Court finds that the indictment as a whole sufficiently apprises Mr. White of the charges that he is facing to permit him to prepare a defense, to avoid surprise at trial, and to protect against a double jeopardy violation. Mr. White's Motion for a Bill of Particulars **[Doc. 82]** is **GRANTED** to the extent set forth above as to the approximate dates of his involvement in the conspiracy and **DENIED** as to the remainder of the relief sought.

### VI: MOTION TO ADOPT
### GERARDO MORA LOPEZ'S MOTION TO SUPPRESS SEARCH [DOC. 72], [DOC. 83]
### and
### MOTION TO ADOPT
### GERARDO MORA LOPEZ'S MOTION TO SUPPRESS FRUITS [DOC. 73], [DOC. 84]

Mr. White's requests to adopt two suppression motions filed by co-defendant Gerardo Mora Lopez **[Doc. 83]** and **[Doc. 84]** are **GRANTED**. The disposition of the adopted motions shall apply to Mr. White who has adopted them, unless otherwise expressly noted in this Court's ruling or any ruling made by the District Court.

### C.  Conclusion

For the reasons set forth above, IT IS ORDERED:

>(1) Brady Motion No. 1: The Deals, **[Doc. 76]** is **DENIED**.

>(2) Brady Motion No. 2: General Exculpatory and Incentives, **[Doc. 77]** is **DENIED**.

>(3) Motion For Discovery, **[Doc. 79]** is **DENIED.**

(4) Motion For Witnesses' Statements, **[Doc. 80]** is **DENIED**.

(5) Motion For <u>Enright</u> Hearing, **[Doc. 81]** is **DENIED.**

(6) Motion For Bill of Particulars, **[Doc. 82]** is **GRANTED in part** and **DENIED in part**.

(7) Motion to Adopt Gerardo Mora Lopez's Motion to Suppress Search [Doc. 72], **[Doc. 83]** is **GRANTED**.

(8) Motion to Adopt Gerardo Mora Lopez's Motion to Suppress Fruits [Doc. 73], **[Doc. 84]** is **GRANTED**.

The Court will receive evidence and argument on all other pending pretrial motions (aside from [Doc. 91], which has been scheduled for separate hearing) on **April 8, 2008, at 9:30 a.m.**, the date and time previously scheduled for this purpose. As there are four pending motions to suppress evidence, the Court will ask the parties to address the current trial date of April 15, 2008, at the motions hearing. As not all defendants have pending pretrial motions which may require their presence at the hearing, all counsel should discuss the possibility of trial continuance with their respective clients prior to the hearing and be prepared to state the defendant's position.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge